IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHERYL LYNN PEARCE,          )
                             )
              Plaintiff,     )
                             )
                             )  Case No. CIV-21-149-KEW
                             )
COMMISSIONER OF THE SOCIAL   )
SECURITY ADMINISTRATION,     )
                             )
              Defendant.     )

## OPINION AND ORDER

Plaintiff Cheryl Lynn Pearce (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1]     Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 47 years old at the time of the ALJ's decision. She completed high school and has no past relevant work. Claimant alleges an inability to work beginning on November 7, 2019, due to limitations resulting from diabetes, bipolar disorder, schizophrenia, depression, anxiety, back pain, and a bulging disc in the back.

### Procedural History

On November 7, 2019, Claimant filed an application for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Her application was denied initially and upon reconsideration. On December 2, 2020,

3

ALJ Doug Gabbard, II conducted an administrative hearing by telephone from McAlester, Oklahoma, during which Claimant testified. On January 27, 2021, ALJ Gabbard entered an unfavorable decision. Claimant requested review by the Appeals Council, and on March 26, 2021, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform medium work with additional limitations.

## Errors Alleged for Review

Claimant asserts two errors in the ALJ's decision. First, she contends that the vocational expert ("VE") testimony does not support the ALJ's finding that she can perform competitive work at step five considering the RFC determination. Second, Claimant argues that the ALJ failed to properly evaluate her bipolar disorder with psychotic features, agoraphobia, and anxiety, including the opinion of her treating psychiatrist, Theresa Farrow, M.D., which resulted in an RFC assessment that does not reflect all her limitations. The Court first considers Claimant's second alleged error.

4

### Consideration of Opinion Evidence

In his decision, the ALJ found Claimant suffered from severe impairments of diabetes, depression, and anxiety. (Tr. 20). He determined Claimant could perform medium work, except she could do only occasional stooping. He limited Claimant to "unskilled work, which is simple, repetitive, and routine, and where only one or two-step tasks are required." He determined that Claimant's "supervision must be simple, direct, tactful, supportive, and non-confrontational" and that she "may require assistance or coaching to manage conflict and difficult situations." Claimant's interpersonal contact with supervisors and co-workers "must be incidental to the work performed, e.g., assembly work." He described Claimant's best work setting as one where she spent most of the day working alone. Claimant "must not be required to work at fast-paced production line speeds" and "should have only occasional, well-explained workplace changes." Claimant needed "normal, regular work breaks at least every 2 hours" and "should have no contact with the general public." (Tr. 22).

After consultation with the VE, the ALJ determined Claimant could perform the representative jobs of industrial sweeper cleaner, ironer, and power screwdriver operator, all of which he found existed in sufficient numbers in the national economy. (Tr. 27-28). As a result, the ALJ concluded Claimant had not been under

a disability since November 7, 2019, the date the application was filed. (Tr. 28).

Claimant argues that the ALJ failed to properly account for the opinion of her treating psychiatrist Dr. Farrow. She contends that Dr. Farrow's opinion is supported by the record, including treatment notes through Carl Albert Community Mental Health Services. Claimant specifically asserts that when finding Dr. Farrow's opinion "unpersuasive," the ALJ failed to properly account for the evidence in the record regarding her hallucinations and failed to point out how Dr. Farrow's opinions were inconsistent with the record or unsupported.

The medical opinion evidence in this case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, he must "articulate" in his decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other

6

factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking

only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

On November 11, 2019, Dr. Farrow completed a mental source statement for Claimant. She not only determined that Claimant would have no useful ability to function in several mental abilities needed for work, but she also found that Claimant exhibited "seriously limited or marked" and "extreme" limitations in mental functioning in numerous areas. Dr. Farrow identified Claimant's severe depression, anxiety, panic attacks, agoraphobia, and hallucinations as the clinical findings that demonstrated the severity of her mental impairment and symptoms. She further concluded that Claimant's severe depression and anxiety, manic symptoms, and auditory and visual hallucinations would contribute to Claimant's absence from work for three or more days per month, because they made it difficult for Claimant to focus, concentrate, and be around others. (Tr. 784-91).

The ALJ discussed Dr. Farrow's mental source statement in the decision, concluding it was "not persuasive." He addressed Dr. Farrow's findings as follows:

> In November 2019, the [C]laimant's own medical source, Theresa Farrow, M.D., opined the claimant has no useful ability to function for full-time work, and she would miss three or more days of work per month (Exhibit 3F). Pursuant to 20 CFR 416.920c, the undersigned considered

the opinion and finds it is not persuasive because it is
not consistent with, and supported by, other medical
evidence in the record. The objective medical evidence
and other supporting explanations provided by the source
do not support the opinion and identified functional
limitations. Evidence from other medical and non-medical
sources is not consistent with the opinion.

(Tr. 26).

Although the ALJ did discuss some of the treatment notes
regarding Claimant's hallucinations in the decision (Tr. 25), he
did not discuss certain portions of the notes suggesting the
frequency of Claimant's hallucinations, and he completely ignored
other evidence of hallucinations that supported Dr. Farrow's
opinion. For example, the ALJ noted that in August of 2020,
Claimant complained of "mildly disturbing auditory
hallucinations." (Tr. 25, 888). The treatment note, however, also
reflects that Claimant had been experiencing an increase in
auditory hallucinations for several months, and in the past two
weeks, they had been occurring "day and night." (Tr. 888). When
discussing a treatment note from September of 2020, the ALJ noted
only that Claimant's mental status examination was normal, but he
did not discuss that Claimant continued to experience auditory
hallucinations. (Tr. 931). The ALJ noted that in October of 2020
that Claimant reported no hallucinations, but he did not discuss
records from November of 2020 which reflected that Claimant was
again hallucinating day and night. (Tr. 962.). Moreover, the ALJ
merely stated in the decision that Dr. Farrow's opinions were

9

inconsistent with and unsupported by other evidence in the record, but he failed to further explain his reasoning.

Here, the ALJ's failure to address evidence that supports Dr. Farrow's opinion constitutes "picking and choosing" evidence. *Hardman*, 362 F.3d at 681. Moreover, the ALJ also "must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (citation omitted). On remand, the ALJ should reconsider Dr. Farrow's opinion. Because the ALJ's re-evaluation of Dr. Farrow's opinion may result in further limitations in the RFC, this Court does not address Claimant's step five argument. The ALJ should reassess his findings at steps four and five of the sequential process if necessary.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 24th day of March, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE